

FILED & ENTERED

MAR 14 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>HVI CAT CANYON, INC.,<br><br>    Debtor. | Case No.: 9:19-bk-11573-MB<br><br>Chapter 7<br><br>Adv. Proc. No.: 9:24-ap-01020-MB |
| GLR LLC, a Delaware limited liability company; GRL LLC, a Delaware limited liability company; and RANDEEP S. GREWAL, an individual,<br><br>    Plaintiffs,<br><br>vs.<br><br>UBS AG, a Swiss Corporation; and Does 1-10, inclusive,<br><br>    Defendant. | **AMENDED ORDER RE: MOTION REQUESTING REMAND OF REMOVED CIVIL PROCEEDING AND ORDER TO SHOW CAUSE RE: REMAND** |

Defendant UBS AG ("Defendant") filed its *Notice of Removal to Bankruptcy Court* (the "Removal Notice"), on June 20, 2024, removing a civil action from the Superior Court for the State of California (the "Superior Court") and resulting in the opening of this adversary proceeding. Adv. Dkt. 1. On June 21, 2024, the Court entered its *Notice of Status Conference and Order to Show Cause re: Remand in a Removed Proceeding* (the "OSC"). Adv. Dkt. 4.

On August 9, 2024, Plaintiffs GLR LLC ("GLR"), GRL LLC ("GRL"), and Randeep S. Grewal ("Grewal") (collectively, the "Plaintiffs") filed their motion requesting the Court remand the civil action to the Superior Court (the "Motion"). Adv. Dkt. 20. After several hearings and multiple rounds of briefing, the Motion became ripe for decision. On January 31, 2025, the Court entered its order remanding the underlying civil action to the Superior Court on equitable grounds, pursuant to 28 U.S.C. § 1452(b). Adv. Dkt. 87.

On February 6, 2025, Defendant filed its *Motion to Reconsider, Clarify, and Stay Pending Appeal of Order Remanding Case* (the "Reconsideration and Stay Motion"). Adv. Dkt. 89. After briefing by the parties, the Court held a hearing on Reconsideration and Stay Motion. Concurrently herewith, the Court is entering its Order granting in part and denying in part the Reconsideration and Stay Motion. In accordance with that order, the Court has determined to amend the Remand Order, as reflected herein.

**A. Background**

The Removal Notice removed the Superior Court lawsuit styled *GLR LLC, a Delaware limited liability company; GRL LLC, a Delaware limited liability company; and RANDEEP S. GREWAL, an individual, vs. UBS AG, a Swiss Corporation; and Does 1-10, inclusive* (the "Civil Action"). Pursuant to the complaint in the Civil Action, Plaintiffs initiated this action to enforce certain contracts between the parties, i.e., a certain *Waiver, Release and Discharge Agreement* dated May 20, 2016, and a certain *Release Agreement* of the same date (collectively, the "Waiver Agreements"). Adv. Dkt. 1 at 7. The disputes allegedly trace their origin to a certain *Volumetric Production Payment Agreement* (the "VPP") entered into in 2007, to which Defendant, HVI Cat Canyon, Inc. (the "Debtor") and a third-party entity, Rincon Island Limited Partnership, are parties.

2

The Waiver Agreements allegedly were entered into in connection with a restructuring of the VPP in 2016.

The Debtor filed a voluntary petition for relief under chapter 11 on July 25, 2019, in the Bankruptcy Court for the Southern District of New York. The chapter 11 case was then transferred to the Bankruptcy Court for the Northern District of Texas and thereafter transferred to this Court. On October 16, 2019, the Court entered an order appointing a chapter 11 trustee in the case. Case Dkt. 409. The United States Trustee appointed Michael A. McConnell chapter 11 trustee. Case Dkt. 418. On December 17, 2020, the Court entered an order converting the case to chapter 7. Case Dkt. 1531. The United States Trustee thereafter appointed Mr. McConnell chapter 7 trustee. Case Dkt. 1537.

On December 10, 2020, the Court entered an order approving a stipulation between Mr. McConnell, UBS AG, London Branch and UBS AG, Stamford Branch which, among other things, created a litigation fund (the "Litigation Fund") for "prosecuting litigation claims against insiders." Case Dkt. 1504; see also Case Dkt. 1411 at 19-24 (stipulation). The Litigation Fund was to be created with proceeds from the sale of certain estate assets and an additional contribution from these UBS entities. Case Dkt. 1411 at 20.

On July 23, 2021, Mr. McConnell commenced an adversary proceeding against Grewal, GLR, GRL and various other defendants (the "Trustee Litigation"). Case No. 9:21-ap-01025 Adv. Dkt. 1. The complaint in the Trustee Litigation asserts a variety of causes of action, including breach of fiduciary duty, aiding and abetting breach of fiduciary duty, avoidance and recovery of fraudulent transfers, aiding and abetting fraudulent transfers, avoidance and recovery of preferential transfers, negligence, breach of contract, unjust enrichment, declaratory relief and equitable relief. *Id.* The Trustee Litigation remains pending.[1]

On May 3, 2022, Mr. McConnell filed a motion requesting approval of additional litigation financing of $1.5 million, plus subsequent advances up to $4 million, from UBS AG Stamford

---

[1] On or about March 14, 2023, Mr. McConnell resigned as trustee, and Brad D. Krasnoff was appointed successor trustee on March 16, 2023. Case Dkt. 1983, 1988. Thereafter, Mr. Krasnoff became the plaintiff in the Trustee Litigation.

3

Branch (the "Litigation Financing").  Case Dkt. 1794.  On June 17, 2022, the Court entered its order approving the Litigation Financing.  Case Dkt. 1873.

The gravamen of the removed Civil Action is that Defendant breached the Waiver Agreements and is liable to Plaintiffs for damages resulting from the creation of the Litigation Fund, the provision of the Litigation Financing, and the prosecution of the Trustee Litigation with those funds.  Defendant contends that this Court has jurisdiction over the Civil Action based on its connection to events that occurred (and are occurring) in the bankruptcy case, and that the Civil Action is most appropriately adjudicated by this Court.  Plaintiffs argue that the Court has no jurisdiction over the Civil Action but that even if it does, the Civil Action is most appropriately heard by the Superior Court.

**B.  Analysis**[2]

"Bankruptcy courts have broad discretion to remand cases over which they otherwise have jurisdiction on any equitable ground." *In re Enron Corp.*, 296 B.R. 505, 508 (C.D. Cal. 2003). Section 1452 of the Judicial Code provides, in pertinent part: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b).  Courts generally consider up to fourteen factors in deciding whether to remand a case to state court. *Enron*, 296 B.R. at 508.  The factors courts consider are:

(1)  the effect or lack thereof on the efficient administration of the estate if the Court recommends [remand or] abstention;

(2)  extent to which state law issues predominate over bankruptcy issues;

(3)  difficult or unsettled nature of applicable law;

(4)  presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5)  jurisdictional basis, if any, other than [section] 1334;

---

[2] The Plaintiffs have submitted evidentiary objections to portions of the Declaration of Brad D. Krasnoff and to all but nine of the documents that are the subject of Defendant's request for judicial notice. The Court has considered Plaintiffs' evidentiary objections, and Defendant's response to such evidentiary objections, and finds that the evidence objected to is immaterial to the Court's analysis. To the extent that any objected to evidence is relied on by the Court herein, the Court overrules any asserted objections to that evidence.

4

    (6)    degree of relatedness or remoteness of proceeding to main bankruptcy case;

    (7)    the substance rather than the form of an asserted core proceeding;

    (8)    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

    (9)    the burden on the bankruptcy court's docket;

    (10)    the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

    (11)    the existence of a right to a jury trial;

    (12)    the presence in the proceeding of nondebtor parties;

    (13)    comity; and

    (14)    the possibility of prejudice to other parties in the action.

*Id.*, 508 n.2; *see also In re Cytodyn of New Mexico, Inc.*, 374 B.R. 733, 738 (Bankr. C.D. Cal. 2007).

**The first factor** (efficient administration) weighs in favor of remand. Defendant argues that the efficient administration of this chapter 7 case depends on this Court being the one to adjudicate the Civil Action. Defendant attempts to describe the issue in the Civil Action as one of "maintaining" the Trustee Litigation and vindicating its reliance on the orders that approved the Litigation Fund and Litigation Financing. But the argument lacks merit. The Civil Action raises a straightforward issue of state contract law, i.e., whether Defendant breached Waiver Agreements by its participation in the Litigation Fund and Litigation Financing. The Civil Action does not challenge the validity or enforceability of the Court's financing orders, which do not opine on this question.

Plaintiffs objected to approval of the Litigation Financing on the basis that it violated the Waiver Agreements. In approving the Litigation Financing, *see generally* Case Dkt. 1880 at 22:7-39:18, the Court expressly declined to rule on this issue, noting that approval of the financing and any contractual consequences under the Waiver Agreements were separate issues. *Id.* at 28:23-29:6. The Court made it clear that it was only deciding the question of whether the financing should be approved under the Bankruptcy Code:

> In the same way that I've found it unnecessary to rule on the merits of the objecting creditors' contention [that] the financing would constitute a breach of UBS's contractual obligations, I find it unnecessary to rule on whether they are equitably estopped from making such an argument or bringing such a claim. [The issue] presented here is simply whether to approve of post-[petition] financing under Section 364.

Case Dkt. 1880 at 30:22-31:4.[3] Under these circumstances, the Court is not persuaded that adjudication of the Civil Action in another forum threatens the validity of the financing, deprives any party of the protections accorded them under the financing, or threatens the fair and efficient administration of this chapter 7 case.

On reconsideration, Defendant argues that the foregoing discussion and the quoted statement address only the defense of issue preclusion, also known as collateral estoppel. Defendant argues, however, that it has defenses to liability under the Waiver Agreements that rely on federal principals of claim preclusion (also sometimes known as res judicata), equitable estoppel and judicial estoppel, arising from events during the bankruptcy case. Defendant expresses concern that the Court has (i) overlooked these arguments in its analysis of whether to remand the Civil Action and (ii) somehow intended a negative inference by not mentioning them.

No such oversight or inference was intended. As the Court explained at the March 7 hearing, it has been and remains this Court's intention not to express *any* view on the merits of the Civil Action, including the merits of any defenses Defendant may have under federal principles of issue preclusion, claim preclusion, equitable estoppel and judicial estoppel. These are for the

---

[3] Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a) made applicable by Fed. R. Bankr. P. 9024(a). The "basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind." *Tattersalls, Ltd. v. Dehaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)). The Court has compared the official transcript of the hearing at Case Dkt. 1880 with the Court's official audio file recording and made the foregoing corrections to clerical errors in the official transcript.

tribunal that ultimately hears the Civil Action to assess.  The Court has made no determination of the merits of any claim in or defense to the Civil Action.

However, Defendant's assertion of defenses under principles of federal law does not change the Court's analysis of the efficient administration factor.  The adjudication of these issues undoubtedly is of great importance to the parties, but will not affect the efficient administration of the estate.  Defendant has not expressed its intention to cease making advances to the estate under the Litigation Financing because of the pendency of the Civil Action or demonstrated any entitlement to do so.  Moreover, to the extent Defendant argues that the outcome of the Civil Action may impact the willingness of Defendant or other lenders to fund estate litigation in the future, in other cases, its argument is simply irrelevant to the administration of *this* estate.

The Court reaches this conclusion notwithstanding Defendant's additional argument that it may have an indemnity claim against the estate if Plaintiffs are successful in recovering against them in the Civil Action.  While this possibility may affect whether creditors other than Defendant are ultimately entitled to a distribution in this case, the Court is not persuaded that this possibility compels retention of the Civil Action.  Presently, the estate in this case is administratively insolvent.  If the Trustee is not successful in the Trustee Litigation, any indemnity right Defendant may have against the estate will be of little import.  If the Trustee is successful in the Trustee Litigation, the existence and extent of any such indemnity right can promptly be determined in connection with a final distribution by the chapter 7 trustee.  The Court simply does not see this possibility as an impediment to the prompt resolution of this chapter 7 liquidation case.

**The second factor** (predominance of state law issues) weighs in favor of remand.  The claims presented in the Civil Action are principally state law breach of contract claims.  Defendant argues that in adjudicating those claims, the deciding court may be required to determine whether Plaintiffs' failure to object to various matters in this Court estops them under federal law from asserting their claims.  Defendant also argues that the deciding court may be required to apply federal law with respect to the scope of releases given by UBS.  Assuming all this is true, the Court nonetheless finds that state law issues predominate.  In reaching this conclusion, the Court is cognizant that Defendant's arguments include defenses based on federal principles of claim

7

preclusion, equitable estoppel and judicial estoppel. Although Defendant may assert defenses based on federal law, the action is fundamentally a breach of contract action. To the extent there are issues of federal law, the court that decides the Civil Action can and will apply federal law. Again, neither the parties nor the court that ultimately decides the Civil Action should infer from the Court's analysis of this factor that the Court has any opinion regarding the merits of these defenses (or of the claims themselves).

**The third factor** (difficult/unsettled nature of the applicable law) weighs against remand. The Court is not persuaded that there are difficult or unsettled areas of law presented in the Civil Action that justify remand. The Court *could* adjudicate the Civil Action. For equitable reasons, however, the Court does not believe that it should do so.

**The fourth factor** (presence of a related proceeding commenced in state court) is neutral. Prior to removal of the Civil Action, there was *no other* related civil action pending in the Superior Court. However, the Civil Action was clearly commenced in the Superior Court and, upon remand, would be available to adjudicate the parties' rights.[4]

**The fifth factor** (jurisdictional basis other than 28 U.S.C. § 1334(b)) favors remand. The only basis asserted for this Court to exercise jurisdiction over the Civil Action is 28 U.S.C. § 1334(b).

**The sixth factor** (relatedness to the main bankruptcy case) weighs in favor remand. "Here, it is relevant to ask whether the adversary proceeding is 'core' or 'non-core.'" *In re Cytodyn of New Mexico, Inc.*, 374 B.R. at 740 (citing *Eastport Assoc. v. City of Los Angeles (In re Eastport Assoc.)*, 935 F.2d 1071, 1076 (9th Cir.1991)). Congress further divided bankruptcy court jurisdiction into "core proceedings" and so-called "non-core" proceedings. *See Executive Benefits Ins. Agency v.*

---

[4] Based on the removal of the Civil Action, abstention would not be appropriate under Ninth Circuit law because there is no action pending in state court in favor of which the Court can abstain. *Schulman v. Cal. (In re Lazar)*, 237 F.3d 967, 981-82 (9th Cir. 2001) ([Sections] 1334(c)(1) and (c)(2) "are simply inapplicable" following removal as no state proceeding exists following removal). Here, however, the Court is focusing on the question of remand. That the Civil Action was pending in Superior Court and has since been removed to this Court is simply not remarkable. It does not weigh for or against remand.

*Arkison*, 573 U.S. 25, 33 (2014).  "[A] core proceeding is one that 'invokes a substantive right provided by title 11 or ... a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'"  *See Battle Ground Plaza, LLC v. Ray (In re Ray)*, 624 F.3d 1124, 1130 (9th Cir. 2010), *overruled on other grounds by Stern v. Marshall*, 563 U.S. 462, 476–77 (2011).  In contrast, proceedings are "related to" a bankruptcy case and thus "non-core" if "they do not depend on the Bankruptcy Code for their existence and they could proceed in another court." *Id*. (*quoting Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004)).

       Defendant does not identify any substantive right arising under a provision of the Bankruptcy Code that is at issue in the Civil Action.  Instead, Defendant argues that the Civil Action is "inextricably linked" to this bankruptcy case and could not have arisen if not for this case.  But the argument misconstrues the test for "arising in" jurisdiction.  The question is not whether the proceeding would not exist but for a historical or circumstantial connection to a bankruptcy case.  If that were the test, the Civil Action would qualify, as the matters complained of as a breach of contract occurred in and during the pendency of this case.  The question, however, is whether the "proceeding *[by] its nature*, could arise only in the context of a bankruptcy case."  *In re Ray*, 624 F.3d at 1130 (emphasis added).[5]  This standard is clearly not satisfied.  The Plaintiffs allege they have a contract under applicable state law and that it has been breached.  By its nature, this is a claim that regularly arises outside the context of a bankruptcy case.[6]

       The parties disagree on whether the Court has "related to" jurisdiction over the Civil Action.  The Court finds it unnecessary to resolve this question, however, because it ultimately determines

---

[5] *See also id.* at 1131 ("A proceeding 'arises in' a case under the Bankruptcy Code if it is an administrative matter unique to the bankruptcy process that has no independent existence outside of bankruptcy and could not be brought in another forum, but whose cause of action is not expressly rooted in the Bankruptcy Code.") (citations omitted).

[6] Defendant seems to argue that because it asserts defenses based on federal preclusion/estoppel principles, and those defenses arise from events occurring during the bankruptcy case, Plaintiffs' breach of contract action is transformed into a proceeding, which by its nature, "only arises in the context of a bankruptcy case."  The Court is not persuaded.  The Civil Action is for breach of contracts the non-debtor Plaintiffs and Defendant entered into before the bankruptcy case was ever commenced.  To characterize the Civil Action as a "core" matter would stretch the concept beyond its reasonable limits.

to remand the case for other equitable reasons under 28 U.S.C. § 1452(b). Suffice it to say that if the Court has jurisdiction, it is not *core* jurisdiction.

**The seventh factor** (the substance of an asserted "core" proceeding) is irrelevant because the claims in the Civil Action are not core claims and this is not a core proceeding.

**The eighth factor** (feasibility of severing state law claims from core claims with enforcement left to the bankruptcy court) is irrelevant because there are no core claims.

**The ninth factor** (burden on the Court's docket) weighs against remand. This Court's docket is not so burdened that it could not promptly adjudicate the Civil Action.

**The tenth factor** (likelihood of forum shopping) is neutral. The Plaintiffs and the Defendant each accuse the other of forum shopping. Each clearly has a preference as to where the Civil Action proceeds. Each undoubtedly perceive their preferred forum as better for them. The Court is not persuaded that the possibility of forum shopping by the parties counsels for or against remand here.

**The eleventh factor** (existence of a jury trial right) is neutral. The entitlement to a jury trial is asserted by Plaintiffs and hotly contested by Defendant, which contends among other things that any such right has been waived. The Court need not wade into this disagreement and believes it is most appropriate for the tribunal that will ultimately adjudicate the dispute to make this important determination. The Court merely observes that even if Plaintiffs do not have a jury trial right, the other factors supporting remand on equitable grounds overwhelmingly favor remand of the Civil Action.

**The twelfth factor** (the presence of nondebtor parties) favors remand. Although not determinative by itself, the fact that the Civil Action is exclusively between non-debtor and non-estate parties—is significant. Again, even though Defendant intends to raise defenses based on federal law and events that occurred in or related to the bankruptcy case, the Civil Action fundamentally is a contractual dispute between two non-debtor parties.

**The thirteenth factor** (comity) does not favor remand. The Superior Court has no significant judicial resources invested in the Civil Action and there do not appear to be any novel or unsettled questions of state law presented.

**The fourteenth factor** (the possibility of prejudice to other parties in the action) is neutral. That Plaintiffs and Defendant each see their preferred forum as better for themselves (and therefore more likely to result in a substantive victory) does not mean that prejudice will result from either outcome. The affected parties will be able to participate equally in either forum and entitled to the same due process protections and other rights.

### C. Conclusion

Based on its consideration of the foregoing factors, the Court concludes that it should exercise its equitable discretion to remand the Civil Action to the Superior Court pursuant to 28 U.S.C. § 1452(b). Having done so, the Court finds it unnecessary to address the argument that removal was improper because the Court has no jurisdiction over the Civil Matter, or the alternative request that the Court abstain under 28 U.S.C. § 1334(b).

THEREFORE, based on the foregoing, it is hereby **ORDERED**:

1. The Civil Action is hereby **REMANDED** to the Superior Court pursuant to 28 U.S.C. § 1452(b), for the equitable reasons described above.

2. The OSC is **DISCHARGED.**

3. This Order is **STAYED** through and including the 15th day following the date of its entry.

###

Date: March 14, 2025

Martin R Barash
United States Bankruptcy Judge